IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:21CV43-GCM

| | | |
|---|---|---|
| **DAVID SHELTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 12) and the Commissioner's Motion for Summary Judgment (Doc. No. 14). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff David Shelton filed his application for a period of disability and disability insurance in August of 2017, alleging a disability onset date of June 7, 2017. After Plaintiff's claim was denied both initially and on reconsideration, he requested and was granted a hearing before Administrative Law Judge Amanda Craven ("the ALJ"). The ALJ issued a decision on November 6, 2019 that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's

1

decision.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is.

B.  **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

C.  **The Administrative Decision**

In her decision, the ALJ at the first step determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of July 18, 2018. (Tr. 17). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: lumbar spine degenerative disc disease, COPD, and anxiety disorder. (*Id.*). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or

medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 17-19).

The ALJ then found that Plaintiff has the residual functional capacity to perform sedentary work except for the following limitations: he can never climb ladder/rope/scaffolds; he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; he can have no exposure to unprotected heights and moving machinery; and he can have no more than occasional contact with the public. (Tr. 19). Based on these limitations, the ALJ found in the fourth step that Plaintiff is not capable of performing his past relevant work as a construction worker. (Tr. 23). At the fifth step, however, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 24-25). Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (Tr. 25).

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: 1) The ALJ erred in evaluating the medical opinion of Dr. Gerald Martin; 2) The ALJ's decision violates *Mascio v. Colvin*; and 3) the structure of the SSA is unconstitutional. Plaintiff's assignments of error will be discussed below.

#### 2. First Assignment of Error

Plaintiff claims that the ALJ misevaluated the medical opinion of his treating physician, Dr. Martin. The Court notes that in January of 2017 the SSA published revised regulations regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). The revised regulations took effect on March 27, 2017 and alter how

4

the agency considers medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2017). When evaluating the opinion evidence for claims filed on or after this date, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) while considering five regulatory factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including the (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017). Of the five factors, the ALJ should explain how he considered the factors of supportability and consistency, which are the two most important factors in determining persuasiveness. 20 C.F.R. § 404.1520c(b)(2) (2017).

Plaintiff contends that the ALJ's evaluation of his treating source, Dr. Martin, was improper. The Court finds that the ALJ properly evaluated the persuasiveness of Dr. Martin's opinion and adequately explained the supportability and consistency of the opinion based on the entire evidentiary record. In assessing the persuasiveness of Dr. Martin's opinion, the ALJ properly determined that it was not wholly consistent and was not fully supported by the evidentiary record (Tr. 23). Contrary to Plaintiff's argument, the ALJ considered imaging and physical exams that revealed positive findings, but also noted that other physical examinations were normal and straight leg raise tests were negative during several medical visits (Tr. 20-23, 229, 279, 602, 621). In fact, Dr. Martin's own treatment notes did not fully support his opinion

as they revealed mostly normal findings (Tr. 23, 672-689). Additionally, the ALJ considered Dr. Martin's relationship with Plaintiff noting that Dr. Martin treated Plaintiff for opiate addiction and back pain on a monthly basis (Tr. 23, 672-689). *See* 20 C.F.R. § 404.1520c(c)(3).

Although Plaintiff disagrees with the ALJ's evaluation of Dr. Martin's opinion, the Court finds that the ALJ correctly applied the regulatory factors.

### 3. Second Assignment of Error

The ALJ determined that the Plaintiff has a mild mental limitation with regard to concentration, persistence, and pace. Plaintiff claims that by failing to account for these mild limitations in his RFC the ALJ violated *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

This case is distinguishable from *Mascio*, however, as the claimant in *Mascio* had "moderate," not "mild," limitations. The ALJ's finding of "mild" limitations herein does not trigger the RFC discussion requirements of *Mascio per se*. *See Barnes v. Berryhill*, No. 5:17-cv-00052-RJC-DCK, 2018 WL 1004746, at *1-2, (W.D.N.C. Feb. 21, 2018); *Hardy v. Berryhill*, No. 3:16-CV-00746-FDW, 2018 WL 1385412, at *5, (W.D.N.C. March 19, 2018) ("As this case concerns only "mild difficulties," it does not trigger the RFC discussion requirements of *Mascio per se*. This Court does not interpret *Mascio*'s holding as extending to all restrictions."); *Brooks v. Berryhill*, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "*Mascio* dealt with 'moderate' restrictions and did not hold that all restrictions, including mild restrictions, be explicitly discussed in terms of RFC."); *Gilbert v. Berryhill*, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (finding that *Mascio* did not apply to cases of mild difficulties); *Robertson v. Colvin*, No. 3:15-cv-00570-MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016). The Court finds no *Mascio* error in the ALJ's decision.

### 4. Third Assignment of Error

Plaintiff argues that SSA's decision denying his disability benefits claim was constitutionally defective because the Social Security Act provision that limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause, 42 U.S.C. § 902(a)(3), violates the separation of powers.[1] However, as the Supreme Court recently explained in *Collins v. Yellen*, 141 S. Ct. 1761, 1787-89 (2021), even where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction actually caused him harm. Plaintiff herein offers no evidence to demonstrate a nexus between Section 902(a)(3)'s removal restriction and the denial of his benefits claim.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and briefs, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales*, *supra*; *Hays v. Sullivan*, *supra.* Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

---

[1] The Court notes that the ALJ who denied Plaintiff's claim was not appointed by a Commissioner subject to Section 902(a)(3)'s removal restriction. Rather, ALJ Craven had her appointment ratified by an Acting Commissioner of Social Security—whom the President could have removed from that role at will, at any time. Thus, as a factual matter, there is no separation-of-powers issue in this case.

7

Case 1:21-cv-00043-GCM   Document 17   Filed 01/13/22   Page 7 of 8

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**; and

(4) this action is **DISMISSED**.


Signed: January 13, 2022

Graham C. Mullen
United States District Judge